IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BARBARA J. MCCOMAS,

        Plaintiff,

V.                                            CIVIL ACTION NO. 3:08-0832

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her applications on August 9, 2004, alleging disability commencing December 1, 2000,[1] as a consequence of diabetes and pain in the lower back, legs and hips. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

---

      [1]Plaintiff's insured status expired December 31, 2000, and, for purposes of her application for disability insurance benefits, it was incumbent upon her to establish disability on or before that date. <u>Harrah</u> v. <u>Richardson</u>, 446 F.2d 1, 2 (4th Cir. 1971).

At the time of the administrative decision, plaintiff was thirty-one years of age and had completed the 10th grade. Her past relevant employment experience consisted of work as a housekeeper. In his decision, the administrative law judge determined that plaintiff suffers from schizoaffective disorder, post-traumatic stress disorder and polysubstance dependence, impairments which he found severe. He further concluded that plaintiff had the residual functional capacity to perform a limited range of work at all exertional levels, but that she was disabled by her mental impairments which met several of the listings. In the absence of substance abuse, the administrative law judge determined plaintiff would have the same physical abilities but less significant mental limitations and would be able to perform her past work. He thus found that plaintiff's drug abuse was a "contributing factor material" to the finding of disability.[2] In light of this finding, he determined plaintiff was not entitled to benefits.

The medical records document that plaintiff has been hospitalized numerous times since at least April 2001 for mental problems, often related in some way to use/abuse of cocaine.[3] In addition to cocaine dependence, plaintiff has also received diagnoses of bipolar disorder, post traumatic stress disorder, substance induced mood disorder and schizoaffective disorder. The administrative law judge concluded that plaintiff did not have any severe physical impairments, but she did experience severe mental impairments as noted. He further found, considering plaintiff's mental impairments

---

[2]A claimant will not be considered disabled if alcoholism or drug addiction would "be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). Under the statute and the regulations, the issue is whether a claimant could perform qualifying work if she "stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b), 416.935(b).

[3]Plaintiff also used marijuana and benzodiazapenes.

along with substance dependence, she would meet the requirements of §§ 12.04, 12.06 and 12.09 of the listing of impairments[4] and would, therefore, be disabled.

Plaintiff asserts that this determination, insofar as it relates to substance dependence, is not supported by substantial evidence because the administrative law judge gave more weight to the opinion of Dr. Gitlow, the medical expert, than to that of Dr. Faheem, the psychiatrist who examined her and reviewed her medical records. Dr. Gitlow, a psychiatrist whose speciality is treating substance addiction, reviewed all the medical reports and concluded "[t]he entire record supports significant and extensive ongoing substance abuse," and there is "no documented period of sobriety supported by any objective evidence." It was his opinion there were no psychiatric disorders established except those related to substance use. He assessed plaintiff's mental residual functional capacity, both with and without substance use. Without substance use, he found plaintiff would have a "fair" ability (limited but satisfactory) in most areas. Dr. Gitlow also testified by telephone at the supplemental hearing, clarifying his positions in response to questions from the administrative law judge and plaintiff's representative.

Dr. Faheem also reviewed the evidence but concluded that plaintiff was disabled by her primary diagnoses of major affective illness (bipolar) and post-traumatic stress disorder ("PTSD"). He believes these developed first and then her substance abuse resulted from these illnesses. Subsequently, on March 21, 2007, Dr. Faheem evaluated plaintiff and concluded that her psychiatric problems, exclusive of substance abuse, would preclude employment indefinitely.

Dr. Faheem's associate, Edward Jones, M.A., also performed a psychological evaluation and testing on March 21, 2007. He observed that plaintiff, though displaying a depressed mood and

---

[4]20 C.F.R. Part 404, Subpart P, Appendix 1.

blunted affect, interacted appropriately; maintained good eye contact; had appropriate thought content; showed no signs of delusions or hallucinations; was alert, oriented and had intact judgment and memory; and had only mildly impaired concentration and attention. Test scores indicated plaintiff may not have put forth optimum effort on the tests administered and possibly exaggerated symptoms or was malingering. KBIT 2 I.Q. testing produced a verbal score of 60, non-verbal score of 75 and a "composite" I.Q. score of 63.[5] WRAT-3 testing showed reading at fourth grade level, spelling at fifth and arithmetic at third. This source did not express any opinion on plaintiff's ability to work.

Plaintiff claims that Dr. Faheem's opinion is entitled to greater weight than that of Dr. Gitlow because the former examined plaintiff as well as reviewed the medical records, while Dr. Gitlow only reviewed the medical reports. The regulations at 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1) provide that the Commissioner will "generally give more weight to an opinion from an examining source." The same is true, however, for opinions that are well-supported by relevant evidence,[6] more consistent with the record as a whole,[7] and from specialists.[8] An opinion from a medical source that a claimant is disabled or unable to work, such as that from Dr. Faheem, is not considered a medical opinion since disability obviously involves both medical and non-medical issues. Moreover, the determination of disability is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e).

---

[5] The verbal and composite scores are much lower than the WAIS-3 scores obtained when plaintiff was tested on April 26, 2005 during the consultative examination by Penny Perdue, M.A. Her verbal score was 82, full scale score was 87, and the performance score was 75.

[6] 20 C.F.R. §§ 404.1527(d)(3); 416.927(d)(3).

[7] 20 C.F.R. §§ 404.1527(d)(4); 416.927(d)(4).

[8] 20 C.F.R. §§ 404.1527(d)(5); 416.927(d)(5).

In analyzing these opinions, the administrative law judge observed that Dr. Faheem's opinion that plaintiff is disabled even absent drug use is based in part on his examination and the psychological evaluation which were both performed while plaintiff was continuing to use drugs "at least occasionally." He also notes that this source cites to findings made upon plaintiff's hospital admissions rather than noting the improvement achieved during hospitalization, which resulted from her not using drugs.

The administrative law judge also pointed out that Dr. Faheem did not review or address Dr. Gitlow's opinions and that Dr. Gitlow has a speciality in addiction psychiatry whereas Dr. Faheem's is "general psychiatry only." Finally, he notes that Dr. Gitlow properly refers to objective findings "contained in the longitudinal record both prior to and following inpatient treatment," and he thus concludes this source's opinions are more persuasive and entitled to greater weight than Dr. Faheem's. The Court believes that the administrative law judge properly considered the relevant factors and explained his conclusions adequately and finds his analysis persuasive and supported by substantial evidence.

Plaintiff also objects to the administrative law judge's finding that she has PTSD as an underlying condition despite Dr. Gitlow's opinion that it could not be diagnosed with certainty due to plaintiff's substance abuse. Plaintiff argues that this amounts to a rejection of Dr. Gitlow's opinion; however, this is clearly not the case. The administrative law judge followed this expert's reasoning that plaintiff improved during her hospitalizations when she was abstinent from cocaine and marijuana and received medications that could help her symptoms. Based on his review of these reports, however, he was more certain than Dr. Gitlow that plaintiff did have co-existing or underlying mental impairments, one of which was PTSD. In determining her limitations absent

substance abuse, the administrative law judge relied on the most restrictive assessment of mental residual functional capacity in the record. The Court concludes his findings and the limitations he assessed are supported by substantial evidence.

Finally, plaintiff contends the administrative law judge ignored testimony from her husband that, even absent drug use, plaintiff's ability to perform activities of daily living was extremely limited. Far from ignoring this testimony, the administrative law judge analyzed it and concluded it was less than fully credible. He concluded that the record suggests more drug use than plaintiff's husband indicated and that she kept a lot of her drug use outside his notice because when he discovered it, he usually tried to have her hospitalized. The administrative law judge also noted plaintiff's husband testified he kept up all the household chores, shopped and provided all the care for the children despite being disabled with nerve damage in his arms and legs. The administrative law judge concluded it was not reasonable to believe that, given her husband's condition, plaintiff did nothing at all while he took care of everything. The Court concludes that the administrative law judge's reasoning is persuasive and his explanation thorough.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions, the assessment of plaintiff's credibility and the determinations that plaintiff's substance abuse was a "contributing factor material" to the finding of disability and that she was not disabled absent such drug abuse, are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the

Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: January 20, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE